IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE
AT JACKSON

## MIGUEL SAENZ v. STATE OF TENNESSEE

**Appeal from the Criminal Court for Shelby County**
**No. 11-04210       James M. Lammey, Judge**

_____

**No. W2016-02590-CCA-R3-ECN**

_____

The Appellant, Miguel Saenz, appeals from the trial court's denial of his petition for writ of error coram nobis seeking relief from his previously entered guilty plea. The State has filed a motion requesting that this Court affirm the trial court's judgment pursuant to Rule 20 of the Rules of the Court of Criminal Appeals. Following our review, and upon application of the ruling of our Supreme Court in *Frazier v. State*, 495 S.W.3d 246 (Tenn. 2016), we grant the State's motion and affirm the judgment of the trial court.

**Tenn. R. App. P. 3 Appeal as of Right; Judgment of the Circuit Court Affirmed**
**Pursuant to Rule 20 of the Rules of the Court of Criminal Appeals**

JOHN EVERETT WILLIAMS, J., delivered the opinion of the court, in which ALAN E. GLENN and J. ROSS DYER, JJ., joined.

Barry J. McWhirter, Memphis, Tennessee, for the appellant, Miguel Saenz.

Herbert H. Slatery III, Attorney General and Reporter; Renee W. Turner, Assistant Attorney General; Amy Weirich, District Attorney General; and Glen Baity, Assistant District Attorney General, for the appellee, State of Tennessee.

## MEMORANDUM OPINION

On January 9, 2013, the Appellant plead guilty to two counts of attempted aggravated sexual battery. Pursuant to his plea agreement, the Appellant was sentenced to an effective sentence of six (6) years to be served on probation. Approximately eleven (11) months later, the United States Department of Homeland Security initiated removal proceedings against the Appellant. On August 18, 2016, the Appellant filed a petition for writ of error coram nobis seeking relief on the grounds that his guilty plea was not

knowing and voluntary, his trial counsel was ineffective and that newly discovered evidence established his actual innocence. The trial court entered an order on October 21, 2016, denying the Appellant's petition on dual grounds of failing to attach an affidavit to his petition and seeking relief based upon the grounds of ineffective assistance of counsel which is not available in coram nobis proceedings. The Appellant timely appealed the denial of his petition for writ of error coram nobis to this Court.

The Appellant contends that the trial court erred in its dismissal on the stated grounds and should have allowed him to amend his petition to include an affidavit. Furthermore, the Appellant acknowledges the decision of the Tennessee Supreme Court in *Frazier v. State*, 495 S.W.3d 246 (Tenn. 2016), but seeks a change in the present law regarding the ability to raise an ineffective assistance of counsel claim in coram nobis proceedings after a guilty plea. The State of Tennessee has filed a Motion to Affirm, pursuant to Rule 20 of the Rules of the Court of Criminal Appeals, asserting that the Appellant is not entitled to coram nobis relief due to his guilty plea.

Notwithstanding the arguments regarding the procedural failure to attach an affidavit to his underlying petition and his claim of ineffective assistance of counsel, the Appellant is seeking to collaterally attack his conviction as a result of a guilty plea utilizing the coram nobis statute. The Tennessee Supreme Court has held that "a guilty plea may not be collaterally attacked pursuant to the coram nobis statute." *Frazier*, 495 S.W.3d at 248. As an intermediate appellate court, we may not reinterpret this decision of our supreme court. Thus, we affirm the denial of relief.

When an opinion would have no precedential value, the Court of Criminal Appeals may affirm the judgment or action of the trial court by memorandum opinion when the judgment is rendered or the action taken in a proceeding without a jury and such judgment or action is not a determination of guilt, and the evidence does not preponderate against the finding of the trial judge. See Tenn. Ct. Crim. App. R. 20. We conclude that this case satisfies the criteria of Rule 20. The judgment of the coram nobis court is affirmed in accordance with Rule 20, Rules of the Court of Criminal Appeals.

_____
JOHN EVERETT WILLIAMS, JUDGE